## Staunton.

### STOWERS ET ALS V. HARMAN ET ALS.

September 16, 1920.

1. EJECTMENT—*Venue and Jurisdiction—Land in Two Counties— Defendants Not Claiming Title to Land in One County—Case at Bar.*—In an action of ejectment the land claimed in the declaration of the plaintiffs lay in two counties, Tazewell and Bland; but all of such land to which the defendants ever at any time claimed any title lay wholly in Bland county, none of it in Tazewell county. The action was brought in Tazewell county and all the proceedings were the proceedings of the circuit court of that county.

   *Held:* That the trial court had no jurisdiction of the case, and for that reason should have dismissed the action.

2. EJECTMENT—*Venue—Land in Two Counties.*—Code of 1887, section 2724, relating to ejectment, provides that every such action shall be brought in the circuit court of the county in which the real estate or some part thereof is. This provision refers to the real estate in controversy in the action. The plaintiff cannot, by including in his declaration land to which his title is uncontroverted, put that portion of his land in controversy in the suit.

3. EJECTMENT—*Venue—Land in Two Counties.*—While it is permissible for a declaration to claim all the land embraced within certain designated boundaries, a portion of which may prove not to be in controversy at all, in which case a verdict and judgment for the whole of the land is not an error by which the defendant is injured, where he interposes no disclaimer, yet only that portion of the land which does prove to be in controversy is in fact involved in the action.

4. EJECTMENT—*Venue—Jurisdiction.*—The modern action of ejectment is a statutory action, as to which section 2724, Code of 1887, prescribes, not the venue merely, but what courts shall alone have jurisdiction of the action.

5. EJECTMENT—*Venue—Section 3214, Code of 1904.*—Section 3214, Code of 1904, providing for the venue of certain actions, as expressly stated therein, does not apply "when it is otherwise expressly provided;" and as section 2724, Code of 1887, does

otherwise expressly provide what courts shall have jurisdiction of actions of ejectment, section 3214, Code of 1904, does not apply to such actions.

6. EJECTMENT—*Venue—Section 3215 of the Code of 1904.*—Section 3215 of the Code of 1904 has no application to actions of ejectment, as that statute applies only to personal actions of which any court of the State in whose jurisdiction the cause of action or any part thereof arose has jurisdiction if it obtains jurisdiction of the parties.

7. EJECTMENT—*Venue—Section 3058, Code of 1904.*—The action of ejectment is not a transitory personal action, of which any court in the State would have jurisdiction under section 3058, Code of 1904, if it obtains jurisdiction of the parties.

8. EJECTMENT — *Ouster of Jurisdiction — Disclaimer.*—A disclaimer never ousts the court of a jurisdiction once obtained of the thing disclaimed, but goes only to the right of the plaintiff to recover costs and damages after the disclaimer is filed.

9. EJECTMENT—*Admission That Party Pleading General Issue is Claiming Title to the Land Claimed in the Declaration—Case at Bar.*—While it is true that a disclaimer never ousts the court of a jurisdiction once obtained, and that an unqualified plea of the general issue in ejectment admits that the party making it is claiming title to the whole of the land which is claimed by the plaintiff in the declaration, yet the disclaimer which was made in the instant case, as one of the grounds of defense, qualified the plea of the general issue, and reduced the controversy to that part of the land which lay wholly in Bland county.

10. EJECTMENT—*Venue and Jurisdiction—Land in Two Counties— Defendants Not Claiming Title to Land in One County—Case at Bar.*—In the instant case the trial court at no time had any jurisdiction over the land in Tazewell county. And the jurisdiction of the court was not fixed, except upon demurrer, by the allegations of the declaration, nor by the pleading of the general issue by the defendants, nor would it have been fixed by their failure to plead to the jurisdiction.

11. EJECTMENT — *Venue — Jurisdiction.*—Upon the hearing on the merits of an action of ejectment, the jurisdiction depended upon the proof that the land in controversy, or some part thereof, lay within the county in which the action was brought. The burden of such proof was on the plaintiff. This was a matter which went to the jurisdiction of the court, and whenever and however the fact affirmatively appeared in the case that no land in controversy, or any part thereof, lay in the county in which the suit was brought, the court could go no

further in the exercise of jurisdiction. Even the consent of all the parties could not have conferred jurisdiction on the court.

Error to a judgment of the Circuit Court of Tazewell county in an action of ejectment. Judgment for plaintiffs. Defendants assign error.

*Reversed and dismissed.*

This is an action of ejectment in which the defendants in error, plaintiffs in the trial court, obtained a verdict and judgment against the plaintiffs in error, who were defendants in the trial court, and the latter bring error.

The material facts are that the land claimed in the declaration of the plaintiffs lay in two counties, Tazewell and Bland; but all of such land to which the defendants ever at any time claimed any title lay wholly in Bland county, none of it in Tazewell county.

The action was brought in Tazewell county and all the proceedings which are brought before us for review are the proceedings of the circuit court of that county.

*S. W. Williams, Martin Williams* and *S. B. Campbell,* for the plaintiffs in error.

*Greever, Gillespie & Divine,* for the defendants in error.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

[1] In our opinion the court below had no jurisdiction of the case before us and for that reason we must dismiss the action, so that none of the other questions raised in the case are before us for adjudication and none of them can be decided by us on this appeal.

[2, 3] The statute relating to actions of ejectment (Code

1887, section 2724), so far as material, provides as follows: "Every such action shall be brought in the circuit court of the county   *   *   *   in which the real estate or some part thereof is."

This refers to the real estate in controversy in the action. The plaintiff cannot, by including in his declaration land to which his title is uncontroverted, put that portion of his land in controversy in the suit. While it is permissible for a declaration to claim all the land embraced within certain designated boundaries, a portion of which may prove not to be in controversy at all, in which case a verdict and judgment for the whole of the land is not an error by which the · defendant is injured, where he interposes no disclaimer ·(*Carrington* v. *Goddin*, 13 Gratt. [54 Va.] 587), yet only that portion of the land which does prove to be in controversy is in fact involved in the action. To hold otherwise would be to allow a plaintiff who owns land in more than one county, a portion of which only, lying in one of the counties, is in controversy, the power to confer upon the court of his choice jurisdiction of his action of ejectment, contrary to the express provision of the statute, if he should choose the court of the county in which he may own land but in which none of the land in controversy lies.

[4] The modern action of ejectment is a statutory action (Burks' Pl. & Pr., p. 192; Graves Notes on Pl., p. 26), as to which the statute aforesaid prescribes not the venue merely, but what courts shall alone have jurisdiction of the action.

[5, 6] Section 3214 of the statute (Pollard's Code 1904), providing for the venue of certain actions or suits, as expressly stated therein, does not apply "when it is otherwise expressly provided;" and, as we have just seen, the statute (Code 1887, section 2724) does otherwise expressly provide what courts shall have jurisdiction of actions of ejectment. Section 3215 of the statute (Pollard's Code 1904) has no

application to actions of ejectment, as that statute applies only to personal actions of which any court of the State in whose jurisdiction the cause of action or any part thereof arose has jurisdiction if it obtains jurisdiction of the parties.

[7] Nor is the action of ejectment a transitory personal action, of which any court in the State would have jurisdiction under section 3058 of the Code (Pollard's Code 1904), if it obtains jurisdiction of the parties. *Moore* v. *N. & W. Ry. Co.*, 124 Va. 628, 98 S. E. 635.

The case is one in which no other court in the State has jurisdiction than that in which the land or some part thereof lies, which shall prove on the trial to be in controversy; and the principles announced in the case of *Blankenship* v. *Blankenship*, 125 Va. 595, 100 S. E. 538, are controlling.

The general rule is the same elsewhere, and the statute in Virginia, except in its feature of permitting the action to be brought in the county where any part of the land in controversy lies, is but declaratory of the common law.

As said in Thompson on Title to Real Property, section 654: "The general rule is that actions affecting the title to land, to recover possession thereof, and to recover for injuries thereto, must be brought in the county where the land is situated. * * * The general doctrine is carried very far by many of the cases, for it is held that if a local action is brought in the wrong county all the proceedings are void, no matter what the defendant may do."

And in Sedgwick & Wait on Trial of Title of Land (2d ed.), sections 465, 468, 469, 470, the following is said:

Section 465. "Actions for the recovery of real property, or for the determination of an interest therein, are local, and must be instituted in the county in which the premises are situated." (Citing a number of English and American cases.) * * *" Lord Mansfield stated in 1774, that ejectment was a local action, and in its nature a proceeding

30

*in rem,* in which possession was to be delivered by the sheriff of the county, and that, therefore, the judgment could have no effect if the action was not laid in the county in which the lands were situated. * * * In *Casey* v. *Adams,* 102 U. S. 66, Chief Justice Waite, in delivering the opinion of the United States Supreme Court, said: 'Local actions are in the nature of suits *in rem,* and are to be prosecuted where the thing on which they are founded is situated.' The court further said that the distinction between local and transitory actions was as old as the actions themselves, and that no one had ever supposed that law which prescribed generally the place where a party could be sued, included actions which were local in their character, either by statute or at common law, unless the statute so declared."

Section 468. "The rule at common law was that only lands lying within the county in which the ejectment was instituted could be recovered by the judgment; and when the lands were situated within the borders of several counties, it was necessary to make several entries and bring as many ejectments, as the recovery in one county did not extend to another. This inconvenient practice has been practically abrogated by statute in this country. * * *"

Section 469. "Questions as to the correctness of the venue" (the word "venue" being used in the sense of local venue, as distinguished from transitory venue) "are raised by answer, demurrer, motion, or at the trial, * * * it was held that when * * * the venue was untrue on the face of the complaint, the defendant could demur. If the venue is apparently correct in the title, the question of want of jurisdiction must be raised by answer. * * * It has been held in Maine that when an action, local in its nature, is commenced in the wrong county, the defendant is not obliged to plead that fact in abatement. If the objection appears on the record it may be raised by demurrer. Otherwise the defendant may avail himself of it at the trial under

the general issue. In an action which arose in Tennessee, the court decided that the venue must be proved. * * *"

Section 470. "Actions necessarily local differ from actions naturally transitory, * * * in respect to questions of jurisdiction, for when the objection raised is that the court has no jurisdiction over the subject matter or the parties, to issue the process, the proceeding is void."

It is urged on the part of the defendants in error that as a portion of the land claimed in the declaration lay in the county of Tazewell, the court below (being the circuit court of that county), had jurisdiction according to the allegations of the declaration, that the defendants in the court below first pleaded the general issue, taking issue upon the allegations of the declaration, which gave the court jurisdiction in the outset; and that not until later in the progress of the case, by a disclaimer, contained in the grounds of defense assigned by the defendants, and still later, by proof in the case, was it disclosed that the defendants did not claim any of the land in Tazewell county, and that none of the land in controversy lay in that county; and that a disclaimer cannot operate to oust the jurisdiction of the court once obtained.

[8] The facts just recited as to the procedure, and as to how and when it first appeared to the court below that no land in the county of Tazewell was in controversy in the case, are correct. And the position for the defendants in error is well taken to the effect that a disclaimer never ousts the court of a jurisdiction once obtained of the thing disclaimed, but goes only to the right of the plaintiff to recover costs and damages after the disclaimer is filed. *Mc-Adams* v. *Lotton,* 118 Ind. 1, 20 N. E. 523; *Cooper* v. *Great Falls Cotton Mills,* 94 Tenn. 588, 30 S. W. 353, 356.

[9] And it is true that an unqualified plea of the general issue in ejectment, admits that the party making it is claiming title to the whole of the land which is claimed by the

plaintiff in the declaration; but the disclaimer which was made in the case at bar, as one of the grounds of defense, qualified the plea of the general issue and reduced the controversy to that part of the land which lay wholly in Bland county. *Wilson* v. *Braden,* 48 W. Va., at p. 205, 36 S. E. 367, cited for defendants in error.

In *Reynolds* v. *Cook,* 83 Va. 817, 3 S. E. 710, 5 Am. St. Rep. 317, and *Glassell* v. *Hansen,* 135 Cal. 547, 67 Pac. 964, cited for defendants in error, the general verdict in favor of the defendant covered all the land claimed by the plaintiff in the declaration, but no question as to the jurisdiction of the court as to any part of the land was involved, as in those cases all of the land was within the jurisdiction of the court.

In *Danner* v. *Crew,* 137 Ala. 617, 34 So. 822, also cited for defendant in error, a demurrer to the disclaimer, on the ground of its indefiniteness of description, was sustained, and, afterwards, there was the plea of the general issue by the defendant, and that, the court held, was, under the Alabama practice, a waiver of the disclaimer. Then, too, no question of the jurisdiction of the court was involved, it having jurisdiction over all of the land claimed in the declaration.

*Tolley* v. *Pease,* 72 W. Va. 321, 78 S. E. 111, likewise cited for defendants in error, is in no way in point.

[10, 11] However, the defect in the position of the defendants in error is that the court in the instant case at no time had any jurisdiction over the land in Tazewell county. Under the facts as they really existed, neither it nor its clerk had any jurisdiction to issue the writ commencing the action. And the jurisdiction of the court was not fixed, except upon demurrer, by the allegations of the declaration, nor by the pleading of the defendants, nor would it have been fixed by their failure to plead to the jurisdiction. Upon the hearing on the merits, the jurisdiction depended upon

the proof that the land in controversy or some part thereof lay within the county in which the action was brought. The burden of such proof was on the plaintiff. This was a matter which went to the jurisdiction of the court, and certainly whenever and however the fact affirmatively appeared in the case that no land in controversy, or any part thereof, lay in the county in which the suit was brought, the court could go no further in the exercise of jurisdiction. In such case, even the consent of all the parties could not have conferred jurisdiction on the court. The trial court should have dismissed the action.

*Reversed and dismissed.*