### SIEGEL v. CITY OF DETROIT, DEPARTMENT OF STREET RAILWAYS.

#### No. 3911.

District Court, E. D. Michigan, S. D.

Nov. 30, 1943.

Paul E. Broner and Walter M. Nelson, both of Detroit, Mich., for plaintiff.

Rodney Baxter and Leon H. Harman, both of Detroit, Mich., for defendant.

LEDERLE, District Judge.

This action involves a claim for damages for personal injuries received by plaintiff, Mildred Siegel, when she was struck by one of defendant's busses in the city of Detroit, Michigan, on July 15, 1943. At that time plaintiff was a citizen and civil service employee of the state of Michigan. Defendant is a Michigan municipal corporation, and hence, a citizen of Michigan. Sun Printing & Publishing Ass'n v. Edwards, 194 U.S. 377, 24 S.Ct. 696, 48 L.Ed. 1027; McGarry v. City of Bethlehem, D. C., 45 F.Supp. 385. Jurisdiction was invoked under 28 U.S.C.A. § 41(1) upon an alleged diversity of citizenship, plaintiff claiming to be a citizen of Missouri. Upon the trial, the issue of plaintiff's citizenship was contested, defendant claiming that plaintiff was still a citizen of Michigan, and hence, there was no diversity of citizenship between the parties. Plaintiff testified that about August 20, 1943, a few days before institution of this suit, she removed from Michigan and went to live with a relative in Missouri, where she established her permanent residence and citizenship. Testimony was introduced tending to show that plaintiff had not left Detroit, Michigan, with the intention of residing permanently in Missouri, but that she had the intention of returning to Detroit. Defendant contended that plaintiff had merely gone to Missouri temporarily a few days before institution of this suit for the purpose of establishing a pretended residence there so that this suit might be maintained in this court. Testimony was also introduced upon the merits of the controversy, and the jury

was charged upon all phases of the case, so that there could be a general verdict upon the merits. Under the proofs, plaintiff was either a citizen of Michigan or a citizen of Missouri. Electing to submit the issue of citizenship to the jury, under authority of Shoaf v. Fitzpatrick, 6 Cir., 104 F.2d 290, certiorari denied 308 U.S. 620, 60 S.Ct. 295, 84 L.Ed. 518, instructions as to the law of residence and citizenship were given, and a special written question was submitted under Federal Rules of Civil Procedure, rule 49, 28 U.S.C.A. following section 723c, for the jury's determination, with the instruction that if it was answered in the negative, they need proceed no further with their deliberations. The question was: "Has plaintiff proved by a preponderance of the evidence that she was a bona fide citizen of Missouri at the time this suit was instituted?" To this, the jury returned a written finding in the negative.

It appearing that there was no diversity of citizenship between the parties at the time of institution of this suit, and, therefore, as provided in 28 U.S.C.A. § 80, this suit "does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court", for which reason "the said district court shall proceed no further therein, but shall dismiss the suit * * * and shall make such order as to costs as shall be just",

It is therefore ordered that this case be, and the same is hereby, dismissed for want of jurisdiction, with costs taxable in favor of defendant, for which execution may issue.