238 F.2d 464
 Madge Pierce CONRAD and Union Bank and Trust company, of
Kokomo, Indiana, Executors of the Last Will and Testament of
Rulo S. Conrad, deceased; Madge Pierce Conrad, an
Individual; Union Bank and Trust Company, of Kokomo,
Indiana, trustee of the Trust Under Item Two of the Last
Will and Testament of Rulo S. Conrad, deceased, Plaintiffs-Appellants,
v.
Arline GARTLEY, Laura S. Marlor, Defendants-Appellees.
 No. 11824.
 United States Court of Appeals Seventh Circuit.
 Nov. 15, 1956.
 
 C. Severin Buschmann, Indianapolis, Ind., Paul I, Hillis, Kokomo, Ind., Donald A. Schabel, indianapolis, Ind., Elwood H. Hillis, Kokomo, Ind., for plaintiffs-appellants, Buschmann, Krieg, De Vault & Alexander, Indianapolis, Ind., Marshall, Hillis & Hillis, Kokomo, Ind., of counsel.
 Charles C. Baker, Indianapolis, Ind., John E. Fell, Kokomo, Ind., Harvey A. Grabill, Indianapolis, Ind., G. Richard Ellis, Kokomo, Ind., for appellees. Grabill & Baker, Indianapolis, Ind., Fell & Ellis, Kokomo, Ind., of Counsel.
 Before DUFFY, Chief Judge, and FINNEGAN and SCHNACKENBERG, Circuit judges.
 FINNEGAN, Circuit Judge.
 
 
 1
 Reaching the key issues embedded in this appeal can be expedited by stripping back the facts established in the record and presenting a simplified version of them. Arline Gartley and Laura S. Marlor, defendants, are two cousins of Edna Charles Conrad, who, when alive, was Rulo S. Conrad's first wife. Edna Charles Conrad possessed considerable separate property of her own and on her death Rulo S. Conrad received all of her residuary estate, by will. Subsequently he remarried and Madge Pierce Conrad, his second wife, is one of the plaintiffs, on appeal, in her own right and as executor of her deceased husband's will under which she received his residence, and after other bequests, the residue of his estate. Union Bank and Trust Company, the other plaintiff here, is the other executor and a trustee under one portion of that same will which was probated in the Howard Superior Court, Howard County, Indiana. Gartley and Marlor invoked a new Indiana statutory provision, 7-821, Burns' 1953 Replacement, which follows, by filing on July 7, 1955, a 'Verified Petition of Persons Claiming Interest in Possession of Coexecutors:'
 
 
 2
 'When any person claims any interest in any property in the possession of the personal representative adverse to the estate he may file, prior to the expiration of six (6) months after * * * a petition with the court having jurisdiction of the estate setting out the facts concerning such interest and thereupon the court shall cause such notice to be given to such parties as it deems proper and the case shall be set for trial and tried as in ordinary civil actions, (Acts 1953, ch. 112, § 1421, p. 295.)'
 
 
 3
 By their Howard County Court petition, Gartley and Marlor are asserting a claim, on property, through the first wife, Edna Charles Conrad. They are contending, in substance, that the executors are virtually bare custodians simply holding the separate, though undescribed, property of Edna Charles Conrad Which flowed from her hands to those of Rulo S. Conrad, while he lived, which now must be handed over to the two cousins. Their theory for this claim being that Rulo orally promised Edna to keep this property segregated from his own and upon his death he would execute a will leaving the remainder of Edna's property to her two cousins. Upon notice, ordered by the Howard County Court, of their pending petition, the executors appeared and filed a motion to dismiss, the Gartley-Marlor petition, predicated upon want of jurisdiction over the subject matter.
 
 
 4
 The cousins' Howard County Court petition precipitated the executors' action, filed below, to remove a cloud on their title to the real and personal property, of the decedent Rulo S. Conrad, located in the Southern District of Illinois. Thus, Gartley and Marlor, plaintiffs in the Howard County Court, were shifted into the position of defendants in the United States District Court and on appeal here. Allowance, by the district court, of the cousins' motion to dismiss the executors' complaint for lack of jurisdiction over the subject-matter precipitated this appeal. However, the district judge reserved his ruling on the plaintiff-executors' motion for partial summary judgment as to property described as 'Parcel B' and personal property. This ruling being 'withheld pending possible appeal and final determination of the jurisdictional issue.'
 
 
 5
 During oral arguments before our court, counsel for Gartley and Marlor conceded that the real estate described as 'Parcel B' (in the executors' complaint) and some tangible personal property located on it, did not come from or through Edna Charles Conrad. Indeed they filed no counter-affidavits or pleadings to the motion for partial summary judgment on that parcel.
 
 
 6
 By statutory enactment, Burns' Ind. Stat.1953, Repl. § 7-102, Indiana has declared administration of decedent's estates to be one entire in rem proceeding. Though these defendants, involved in the instant appeal, are non-residents of Indiana that alone is insufficient to supply the district court with jurisdiction under 28 U.S.C.A. § 1655. Proctor v. Sagmore Big Game Club, 128 F.Supp. 885, 889, D.C.D.Penn.1955. Even with jurisdiction, and that is the critical point here, a federal court could only dissipate the could cast over the property by the cousins' Howard Court petition. We think the executors' action to remove that could being in personam precludes operation of § 1655. Tyler v. Judges of the Court of Registration, 1900, 175 Mass. 71, 55 N.E. 812, 814, 51 L.R.A. 433. Interposition of their motion to dismiss, by Gartley and Marlor, neither enlarged nor conferred jurisdiction. Fed.R.Civil P. Rule 12, 28 U.S.C.A. Consistency with what we have said precludes our direction of entry of a partial summary judgment on a remand, though in appropriate jurisdictional circumstances that disposition would have been inescapable.
 
 
 7
 Judgment affirmed.
 
 
 8
 DUFFY, Chief Judge (concurring).
 
 
 9
 I, too, am of the opinion the District Court properly dismissed the Executor's complaint as to property which descended through Edna Charles Conrad for the reasons stated in the concurring opinion of Judge Schnackenberg. However, I think we should make it clear that the order of dismissal which we approved does not and should not cover property described as 'Parcel B' and some personal property located thereon, which did not descend through Edna Charles Conrad.
 
 
 10
 SCHNACKENBERG, Circuit Judge (concurring).
 
 
 11
 I believe the judgment below should be affirmed because the district court was confronted with the fact that a prior action, involving the same cause of action and between the same parties, was pending in another court. 1 C.J.S., Abatement and Revival, p. 50, § 17. By the petition filed by the cousins in the Howard Superior Court, that court acquired control over the res and thereby obtained prior, and hence exclusive, jurisdiction. When the pendency of that petition was pleaded in the district court action subsequently commenced by plaintiffs, it was the duty of the district court to abate its action. 1 C.J.S. Abatement and Revival, p. 104, § 67(e). It is immaterial that the parties in the two proceedings were reversed. 1 C.J.S. Abatement and Revival, p. 95, § 61. The United States Supreme Court in Kline v. Burke Const. Co., 260 U.S. 226, at page 231, 43 S.Ct. 79, at page 82, 67 L.Ed. 226, quoted from our opinion in Baltimore & Ohio R.R. Co. v. Wabash R.R. Co., 119 F. 678, at page 679 as follows:
 
 
 12
 'It is settled that, when a state court and a court of the United States may each take jurisdiction of a matter, the tribunal whose jurisdiction first attaches holds it, to the exclusion of the other, until its duty is fully performed, and the jurisdiction involved is exhausted. * * * The rule is not only one of comity, to prevent unseemly conflicts between courts whose jurisdiction embraces the same subject and persons, but between state courts and those of the United States it is something more. 'It is a principle of right and law, and therefore of necessity. It leaves nothing to discretion or mere convenience.' Covell v. Heyman, 111 U.S. 176, 4 S.Ct. 355, 28 L.Ed. 390. The rule is not limited to cases where property has actually been seized under judicial process before a second suit is instituted in another court, but it applies as well where suits are brought to enforce liens against specific property, to marshal assets, administer trusts, or liquidate insolvent estates, and in all suits of a like nature. Farmers' Loan & Trust Co. (of New York) v. Lake Street El R. Co., 177 U.S. 51, 20 S.Ct. 564, 44 L.Ed. 667; Merritt v. (American) Steel Barge Co., (8 Cir.), 79 F. 228, 24 C.C.A 530, 49 U.S.App. 85. The rule is limited to actions which deal either actually or potentially with specific property or objects. Where a suit is strictly in personam, in which nothing more than a personal judgment is sought, there is no objection to a subsequent action in another jurisdiction, either before or after judgment, although the same issues are to be tried and determined; and this because it neither ousts the jurisdiction of the court in which the first suit was brought, nor does it delay or obstruct the exercise of that jurisdiction, nor lead to a conflict of authority where each court acts in accordance with law. Stanton v. Embrey, 93 U.S. 548," (23 L.Ed. 983).
 
 
 13
 Here the state court petition is a proceeding in rem, as is also the district court action. The parties are the same. As a matter of comity and as a matter of necessity, the latter action should abate. Therefore the district court's order having that effect is properly affirmed.