Ralph L. MOSS, d/b/a Moss Construction Company

v.

CALUMET PAVING COMPANY, Traylor Bros., Inc., E. E. Schnitzius Co., Inc., and Indiana Toll Road Commission (two cases).

Nos. IP 61-C-180, 61-C-181.

United States District Court
S. D. Indiana,
Indianapolis Division.

Jan. 31, 1962.

Quinn, Howard & Clark, Coleman, Gemmer & Rabb, and Bowen, Myers, Northam & Given, Indianapolis, Ind., and Mann, Mann, Chaney & Johnson, Terre Haute, Ind., for plaintiff.

Ross, McCord, Ice & Miller, Indianapolis, Ind., for defendant, Calumet Paving Co.

Max Klezmer, Indianapolis, Ind., for defendant, E. E. Schnitzius Co., Inc.

Robert L. McMahan, George A. Purvis and Krieg, DeVault, Alexander & Capehart, Indianapolis, Ind., for defendant Indiana Toll Road Commission.

John E. Early and Paul F. Arnold, Evansville, Ind., for defendant, Traylor Bros., Inc.

STECKLER, Chief Judge.

These causes came before the court on motions to dismiss, filed by the defendant, Indiana Toll Road Commission. The actions are for alleged breach of contract. As an alternative, the defendant Commission moves to stay the proceedings for the reason that similar actions are pending in the Circuit Court of Marion County, Indiana.

In Cause No. IP 61–C–180, the defendant moves to dismiss the action "because the court lacks jurisdiction of the person of the defendant for the reason that the matter involved herein is not a controversy between citizens of different states in this, that defendant is an agency of the State of Indiana, and therefore the action is essentially an action against the State of Indiana, which has not consented to be sued nor waived its immunity from suit except as expressly provided by Chapter 281 of the 1951 Acts of the General Assembly of the State of Indiana, which is the act creating the defendant." Ind.Ann.Stat. §§ 36–3201 to 36–3222 (1961).

In the memorandum in support of the motion to dismiss it is emphasized that the Indiana Toll Road Commission is a *state* commission; that it is a "body both corporate and politic"; and that the exercise by the commission of the powers conferred upon it by the Toll Road Act in the construction, operation and maintenance of the toll road projects, shall be deemed and held to be "essential governmental functions of the state, * *." The Commission recognizes, however, that it shall not be immune from liability by reason thereof.

The Commission states that its members are appointed by the Governor and that the legislature of the State of Indiana has waived immunity from suit only to the extent that any and all actions at law against the commission shall be brought in the circuit court of the county in which the principal office of the commission is located, or in the circuit court of the county in which the cause of action arose, and provided such county is located within the State of Indiana. Ind. Ann.Stat. § 36–3205 (1961). It is also stated that the commission acquires property in the name of the State of Indiana (Ind.Ann.Stat. § 36–3205(i) (1961)), and that it is empowered to acquire by condemnation, lands and rights-of-way in the same manner as the State Highway Commission. Ind.Ann.Stat. § 36–3208 (1961).

In support of its position that the Commission is not a private corporation but is an agency of the State of Indiana, defendant cites Ennis v. State Highway Comm., 231 Ind. 311, 108 N.E.2d 687 (1952). And in support of its argument that the Commission is an arm or *alter ego* of the State of Indiana, and thus is not a "citizen" within the "diversity of citizenship" concept, defendant cites Florida State Turnpike Authority v. Van Kirk, 146 F.Supp. 364 (S.D.Fla.1956).

■ As an additional ground for dismissal in Cause No. IP 61–C–180, the

Commission asserts that the complaint fails to state a claim upon which relief can be granted. It is claimed that the complaint indicates no contractual relationship between the Toll Road Commission and the plaintiff. In this regard, however, the Court feels that the allegations of the complaint are broad enough to withstand the motion to dismiss on that ground.

■ Whether this action may be maintained depends upon whether the State of Indiana is the real party in interest. If it is, then unless the state has waived its sovereign immunity, the action is barred by the eleventh amendment to the Constitution of the United States. The question whether or not the state is the real party in interest must be "determined by the essential nature and effect of the proceeding." Ford Motor Co. v. Department of Treasury, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945); Harrison Const. Co. v. Ohio Turnpike Comm., 272 F.2d 337 (6th Cir. 1959); 1 Cyc. Fed. Proc. § 2.39 p. 158 (1951). In the Ford case, the Supreme Court said:

> "When the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity * * *." 323 U.S. at 464, 65 S.Ct. at 350.

In the case at bar, it should be noted, however, the Supreme Court of Indiana has already decided that the Indiana Toll Road Commission and similar commissions, i. e., the State Office Building Commission and the State Toll-Bridge Commission, even though considered to be instrumentalities and agencies of the state, are not the state in its sovereign corporate capacity. Book v. State Office Bldg. Comm., 238 Ind. 120, 149 N.E.2d 273. There the court was called upon to interpret the Indiana State Office Building Act, Ind.Ann.Stat. § 60–2101 to 60–2134 (1961). Contrary to the appellant's assertion that the State Office Building Commission was not a separate corporate entity, but in reality the State of Indiana, the court said:

> "We think this question has already been answered in the negative by recent opinions of this court.

> "In Ennis v. State Highway Commission, 1952, 231 Ind. 311, 108 N.E.2d 687, the identical question here presented was considered in relation to the Indiana Toll Road Act. Section 3 of the Toll Road Act provides 'The commission hereby created is a body both corporate and politic in the State of Indiana * * *' and that the exercise by the Toll Road Commission of the powers conferred by the Act 'shall be deemed and held to be essential governmental functions of the state * * *.' We there held, at page 324 of 231 Ind., at page 694 of 108 N.E.2d, that:

>> "'The toll road commission here created is a commission of the state created for a public purpose. Application of Oklahoma Turnpike Authority (1950), 203 Okl. 335, 221 P.2d 795. It could not embark on an enterprise of a private character. State ex rel. Allen v. Ferguson (1951), 155 Ohio St. 26, 97 N.E.2d 660. Despite the fact that the commission is given the characteristics of a corporation, it is still a commission of the State of Indiana.'" (Footnote omitted.)

The court then went on to say that the same question was again raised in Indiana State Toll-Bridge Comm. v. Minor, 236 Ind. 193, 139 N.E.2d 445, 446 (1957). The court was required to construe the following language in the State Toll-Bridge Act, Ind.Ann.Stat. §§ 36–3001 to 36–3017 (1949):

> "There is hereby created a body corporate under the name of Indiana state toll-bridge commission which shall have power to contract and be contracted with, to sue and to be sued in that name and to adopt a seal and alter the same at pleasure."

Concerning the language in the Toll-Bridge Act, the court said:

> "At page 449 of 139 N.E.2d we said:
>
> " 'The Indiana State Toll-Bridge Commission is a separate corporate entity, and although it can be considered an instrumentality and agency of the state, it is not the state in its corporate sovereign capacity.' "

The court then quoted from Section 1 of the State Office Building Act:

> " 'There is hereby created as a public body corporate and politic a state office building commission. Said commission shall have power to sue and be sued, plead and be impleaded, adopt and have a corporate seal, make rules and bylaws for the management and regulation of its affairs, and to do all things necessary or convenient to carry out the powers given in this act.' "

Correlating its interpretation of the language in the Toll Road Act and the Toll-Bridge Act to the language in the State Office Building Act, the court said:

> "It seems to us that if the above language in the Toll Road Act created a corporation for a public purpose, and the language used in the Toll-Bridge Act created a separate entity which might be considered as an instrumentality of, but not the State in its corporate sovereign capacity, it must follow that the Legislature, by the use of almost identical language in the State Office Building Act, created the same kind of creature. It is, therefore, our opinion that the State Office Building Commission is a separate corporate body created as an instrumentality of the State for a public purpose, but it cannot be considered as the State of Indiana in its corporate sovereign capacity."

Thus, it is apparent that Indiana has followed a consistent legislative pattern in creating these separate corporate bodies as instrumentalities of the state for public purposes, and, by the same token, it has considered none of them as the State of Indiana in its corporate sovereign capacity. Concomitantly, these commissions have been held not to be corporations other than a banking corporation created by special act in violation of Article XI, Section 13 of the Constitution of Indiana. Book v. State Office Bldg. Comm., supra.

With due deference to the court in Florida State Turnpike Authority v. Van Kirk, supra, cited and relied upon by the defendant, it is not believed that that case should control here. In the first place, it was a local action *in rem* involving the right of eminent domain in the condemnation of lands, and the action was removed to the federal court under the removal statutes. Without differing with the court in that case as to its interpretation of the substantive law of Florida, perhaps from the standpoint of the federal court, a better reason for remanding was that the state court from which the action was removed had acquired *in rem* jurisdiction over the proceedings before removal, and thus having acquired jurisdiction of the res, it could not thereafter be deprived of that jurisdiction by removal to the federal district court. Conrad v. Gartley, 238 F.2d 464 (7th Cir. 1956).

This court would also differ with the Florida district court in so far as that court questions the reasoning of the Pennsylvania district court cases,[1] and with minor exceptions, would agree with the district courts of Pennsylvania. In this connection, the reasoning of the court in Harrison Const. Co. v. Ohio Turnpike Comm., 272 F.2d 337 (6th Cir. 1959), and the cases cited therein, seem entirely reasonable. Furthermore, in view of the decisions of the Supreme Court of Indiana concerning the status of the commissions previously mentioned, that they are separate corporate bodies

---

1. Darby v. L. G. De Felice & Sons, 94 F. Supp. 535 (E.D.Pa.1950); Hunkin-Conkey Const. Co. v. Pennsylvania Turnpike Comm., 34 F.Supp. 26 (M.D.Pa.1940).

created as instrumentalities of the state for public purposes, but cannot be considered as the State of Indiana in its corporate sovereign capacity, the court feels that it is required to hold that the State of Indiana is not the real party in interest, and therefore, that the action is not one against the state in violation of the eleventh amendment of the Constitution of the United States. Here, as in Harrison Const. Co. v. Ohio Turnpike Comm., supra, this action will not, and cannot, affect the treasury of the State of Indiana. Ind.Ann.Stat. § 36–3202 (1961). Cf. Ford Motor Co. v. Department of Treasury, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945).

 Notwithstanding the provisions of the Indiana Toll Road Act to the effect that suit shall be brought against the commission only in certain designated state courts, such actions may be maintained in the federal district courts where diversity jurisdiction is present, as here. That provision is ineffective since a state is without authority to deprive the federal courts of jurisdiction acquired by virtue of the Federal Constitution and statutes. Cowles v. Mercer County, 7 Wall. 118, 74 U.S. 118, 19 L.Ed. 86 (1868); Louisiana Highway Comm. v. Farnsworth, 74 F.2d 910 (5th Cir. 1935); Lowes v. Pennsylvania Turnpike Comm., 125 F.Supp. 681 (M.D.Pa. 1954); Darby v. L. G. De Felice & Son, 94 F.Supp. 535 (E.D.Pa.1950). See also Barber Ashalt Paving Co. v. Morris, 132 F. 945, 949, 67 L.R.A. 761 (8th Cir. 1904), where the court stated:

> "The jurisdiction of the federal courts is granted to them by the Constitution and laws of the United States, and no state legislation may impair, restrict, or destroy it."

Here the statute, Section 36–3205, involves only venue; it does not involve jurisdiction of the subject matter or the right to sue. Since the requisites of diversity jurisdiction are present, it follows that from this standpoint the federal district court has jurisdiction to try these actions. Cf. Markham v. City of Newport News, Va., 184 F.Supp. 659 (E.D.Va.1960), distinguishing Popp v. Archbell, 203 F.2d 287 (4th Cir. 1953). See also Indiana State Toll-Bridge Comm. v. Minor, supra.

 Finally, with regard to the Commission's argument that it is an arm or *alter ego* of the State of Indiana, and thus is not a "citizen" within the diversity of citizenship concept, it has been held that if a state agency is a public corporation rather than an *alter ego* of the state, it is a citizen of the state which created it for purposes of diversity jurisdiction. John & Sal's Automotive Service v. Sinclair Refining Co., 165 F.Supp. 518 (S.D.N.Y.1958). In the oft-cited case of Cowles v. Mercer County, supra, it was decided that a municipal corporation (in that case a county in the State of Illinois) may be sued in the courts of the United States by citizens of another state. The court, speaking through Chief Justice Chase, decided that the Board of Supervisors of Mercer County could be sued in a federal court by nonresident citizens and said, 7 Wall. 118, at page 121, 74 U.S. 118, at page 121 (1868), "The Board of Supervisors is a corporation created by acts of the legislature of Illinois." And "the power to contract with citizens of other states implies liability to suit by citizens of other states, and no statute limitation of suability can defeat a jurisdiction given by Constitution." Id. at 122 of 7 Wall., at 122 of 74 U.S. In this same regard, in South Carolina Public Service Authority v. New York Casualty Co., 74 F.Supp. 831 (E.D. S.C.1947), it was held that under the statute creating the South Carolina Public Service Authority, the Authority is not a branch or department of the state but is a separate corporate entity, and is subject to the removal statute in litigation with a nonresident. Likewise, cases other than the Cowles case, supra, have held a county is a corporation having citizenship in its state. Milwaukee County v. M. E. White Co., 296 U.S. 268, 56 S.Ct. 229, 80 L.Ed. 220 (1935); Pearl River County, Miss. v. Wyatt Lumber Co., 270 F. 26 (5th Cir. 1921); City of Memphis, Tenn. v. Ingram, 195 F.2d 338,

(8th Cir. 1952); Pettibone v. Cook County, Minn., 120 F.2d 850 (8th Cir. 1941); Merced Dredging Co. v. Merced County, 67 F.Supp. 598 (S.D.Calif.1946). By the same rule a municipal corporation, a city, is a citizen of the state. City of Ysleta v. Canda, 67 F. 6, 7 (W.D.Texas Cir. 1895); Walls v. City of New York, 156 F.Supp. 3 (E.D.N.Y.1957); Siegel v. Detroit, Dep't of St. Rys., 52 F.Supp. 669 (E.D.Mich.1943); McGarry v. City of Bethlehem, 45 F.Supp. 385 (E.D.Pa.1942) (Pennsylvania third-class city); Wenzel & Henoch Const. Co. v. Metropolitan Water Dist. of So. Calif., 18 F.Supp. 616 (S.D.Calif.1937). It has also been held that an incorporated township is a citizen. Loeb v. Trustees of Columbia Township, 91 F. 37 (S.D.Ohio Cir. 1899). Moreover, it has been held that a board which has the power to sue and be sued, is a citizen. First Trust Co. St. Paul v. County Board of Education of Whitley County, 78 F.2d 114 (6th Cir. 1935) (county board of education); Board of Levee Com'rs of Orleans Levee Dist. v. Hulse, 17 F.2d 785 (E.D.La.1927) (levee board in Louisiana); John & Sal's Automotive Service v. Sinclair Refining Co., supra. See generally 1 Cyc.Fed.Proc. § 2.292. For a case holding the district court had diversity jurisdiction of a corporation similar to the one in the case at bar, but created by means of an interstate compact, see Bartron v. Delaware River Joint Toll Bridge Comm., 120 F. Supp. 337 (D.N.J.), aff'd, 216 F.2d 717 (3d Cir. 1954), cert. denied, 348 U.S. 943, 75 S.Ct. 364, 99 L.Ed. 738 (1955).

From the foregoing, the Court concludes that since the Indiana Toll Road Commission is a separate corporate body for a public purpose, though an instrumentality of the state, since it and similarly created commissions in the state have not been considered as the State of Indiana in its corporate sovereign capacity, the Toll Road Commission is a "citizen" within the concept of diversity of citizenship jurisdiction, and, thus, amenable to suit in these actions. Accordingly, the motions to dismiss are hereby Overruled.

With respect to the motions to stay proceedings, although the pendency of a similar action in a state court is a ground for requesting a stay in a federal district court, since these are *in personam* actions, Cf. Conrad v. Gartley, supra, the motions to stay proceedings are hereby Overruled.