The FLORIDA STATE TURNPIKE AU-
THORITY, a body corporate and politic
of the State of Florida, Plaintiff,

v.

John C. VAN KIRK and others,
Defendants.

Civ. Nos. 6681–M, 6682–M.

United States District Court
S. D. Florida, Miami Division.

Jan. 20, 1956.

Jackson L. Peters; Knight, Smith, Un-
derwood & Peters, Miami, Fla., for plain-
tiff.

C. A. Hiaasen; McCune, Hiaasen, Kel-
ley & Crum; C. Shelby Dale; Dale, Scott

& Singer, Fort Lauderdale, Fla., for de-
fendants.

CHOATE, District Judge.

This cause coming on to be heard
upon the motions of The Florida State
Turnpike Authority to remand this con-
demnation suit, to the Circuit Court of
the Fifteenth Judicial Circuit in Brow-
ard County, Florida, for which condem-
nation suit two petitions for removal
were filed in this Court (Nos. 6681–M–
Civil and 6682–M–Civil) on January 10,
1956, by two different sets of non-resi-
dent defendants, and the Court having
ordered the cases consolidated for hear-
ing upon the motions, and having heard
argument of counsel and having consid-
ered the briefs submitted by the several
parties, is of the opinion that this cause
should be remanded to the aforemen-
tioned state Circuit Court for the rea-
son that The Florida State Turnpike Au-
thority is an arm or *alter ego* of the
State of Florida and therefore is not a
citizen within the "diversity of citizen-
ship" concept. Admittedly this Court
would have no jurisdiction on the ground
of diversity where the State is a party.

There are several tests which have
been applied under like circumstances,
one of the tests being whether or not the
state is in fact a real party in interest
regardless of the names of the titular
parties. See 147 A.L.R. 786, 795. An-
other test, as was stated by the Fifth
Circuit Court of Appeals in the case of
Louisiana Highway Commission v.
Farnsworth, 74 F.2d 910, is whether or
not the highest court of the state has
recognized the agency as a part of the
state government, or to put it another
way, is it the *alter ego* of the state. A
third test is whether the activity in
question affected the whole state.

In The Turnpike Act itself the legis-
lature says in Section 340.02 of Florida
Statutes, F.S.A., that the purpose of the
creation of the authority and to author-
ize its functions was—

"* * * to facilitate vehicular
traffic, diminish the present handi-
caps and hazards and promote safe-

-ty on the congested highways in Florida, and make possible the construction of modern express highways * * * at the location herein established, and at such other locations as may be hereafter established by law * * *."

In the same Section the Legislature prohibits creation of turnpikes and toll roads by other authorities. In the next Section, 340.03 the Legislature points out the route of the authorized road which extends generally down the East Coast of Florida. In the next Section, 340.05, the Legislature says that The Florida State Turnpike Authority is a "state agency" and then empowers the Governor to appoint its members. Also, as has been stated heretofore, it denominates the authority as "a body corporate and politic performing an essential governmental function."

In State v. Florida State Turnpike Authority, 80 So.2d 337, 343, the Supreme Court of Florida said that the Authority "is a *State agency* charged with creating a highway that is bound, it seems to us, to affect traffic statewide." Generally speaking, "state agencies" have been recognized by the great majority of the courts as being the alter ego of the state so as to preclude federal jurisdiction on diversity claims. See the very numerous authorities cited in 147 A.L.R. 786, 793 (c). The Supreme Court of the United States has recognized state agencies as being immune to federal jurisdiction. State Highway Comm. of Wyoming v. Utah Const. Co., 1929, 278 U.S. 194, 49 S.Ct. 104, 73 L.Ed. 262 (holding the Wyoming State Highway Commission to be an arm or *alter ego* of the State and therefore no diversity of citizenship existed between it and the plaintiff construction company); Lankford v. Platte Iron Works Co., 1915, 235 U.S. 461, 35 S.Ct. 173, 59 L.Ed. 316 (holding Oklahoma State Banking Board immune as an instrumentality of the State and further holding that decision of State courts designating the Board as being the *alter ego* of the State was an important element to be considered); Murray v. Wil-son Distilling Co., 1909, 213 U.S. 151, 29 S.Ct. 458, 53 L.Ed. 742 (holding a suit against the South Carolina State Liquor Dispensary was a suit against the State); Ex parte State of New York, 1921, 256 U.S. 490, 41 S.Ct. 588, 65 L.Ed. 1057 (holding a suit against the Superintendent of Public Works of the State of New York was a suit against the State); See also: Larson v. Domestic & Foreign Commerce Corp., 1949, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (holding a suit against the Administrator of the War Assets Administration could not be maintained as it was a suit against the United States.

In arriving at this conclusion the Court is aware that there are cases bearing on both sides of this controversy, but it is the opinion of this Court that in Florida there can be little or no question but that the Florida Turnpike Authority is definitely a part of the State and is the *alter ego* of the State because (1) the Legislature has so stated; (2) the Legislature has also stated that this board is to have exclusive control in this type of highway construction "throughout" the State; (3) unlike local governmental units its authority embraces the whole state and affects the whole state and is not restricted to any one locality; (4) the Florida Supreme Court has held that it is a "state" agency entrusted with an undertaking which affects the "whole" state; and (5) the Legislature has designated its duties as relates to condemnation by designating the area, direction, and counties through which the first turnpike is to be built and by reserving to itself the designation of all further turnpikes. So in effect we have the State Legislature telling one of its agencies to go out and condemn certain property and build the turnpike, and providing that members of that agency shall be appointed in the manner in which all other appointive state officials in Florida are appointed, except cabinet officers, namely, by the Governor, and providing the initial funds for the operation of the agency.. The Court has not overlooked the Pennsylvania District Court cases of

Hunkin-Conkey Const. Co. v. Pennsylvania Turnpike Comm., D.C.M.D.Penn. 1940, 34 F.Supp. 26, and Darby v. L. G. DeFelice & Son, D.C.E.D.Penn.1950, 94 F.Supp. 535, but it has noted that the Third Circuit Court of Appeals stated in Pennsylvania Turnpike Comm. v. Welsh, 188 F.2d 447, 450, in considering the arguments that were advanced:

"None of the items [indicia of whether the Commission was an arm of the State] concludes the issue. They impel in various degrees toward one conclusion or another, but they do not decide the federal question of jurisdiction * * *. We do not decide it now."

Apparently, in Pennsylvania the issue *yet* remains to be decided, and since there are so many cases to the contrary of the decisions of the District Court, and it is not unlikely that when the matter is decided by the Third Circuit, it may be to the effect that the Pennsylvania Turnpike Authority is a part of the State.

■ Two other questions were raised. The first is that the defendants, after the cases had been removed to this Court, amended their defenses raising a constitutional question, namely, they desired to question the constitutionality of the Florida Condemnation Act. Whether a claim or right arises under the Constitution, treaties or laws of the United States so as to render it removable to this Court is not determinable by this Court by reason of the matters raised in defense. See Peyton v. Railway Express Agency, 1942, 316 U.S. 350, 353, 62 S.Ct. 1171, 86 L.Ed. 1525; Gully v. First Nat. Bank, 1936, 299 U.S. 109, 112, 113, 57 S. Ct. 96, 81 L.Ed. 70; Taylor v. Anderson, 1914, 234 U.S. 74, 34 S.Ct. 724, 58 L.Ed. 1218; State of Tennessee v. Union and Planters' Bank, 1894, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511. See also: Skelly Oil Co. v. Phillips Petroleum Co., 1950, 339 U.S. 667, 672, 70 S.Ct. 876, 94 L.Ed. 1194; 12 A.L.R.2d 5, 41.

The second question raised was whether or not separate and independent claims or causes of action were being asserted by the Turnpike Authority against the owners of the separate tracts of land, or whether or not the condemnation suit constituted the assertion of a single right to condemn against all the defendants in this one suit.

The Court has already made a determination of the issue here involved, and it is not necessary to discuss this last contention except to say that since the Florida Statutes, Section 73.01, F.S.A. requires that in condemnation proceedings the petition must assert among other things, certain matters: (1) the authority under which, and the public use to which, the property is to be acquired, and (2) that the property is necessary for the public for the purpose for which it is to be taken. So we see that in such actions the questions of authority and need are common to all and there does exist some doubt as to severability.

It is clear that where state functions such as turnpike construction are concerned, those functions would be greatly impeded if a few of the many defendants could withdraw to one or more federal courts whose jurisdiction may extend to a portion or portions of the proposed roadway and thereby obtain by reason of docket or other conditions delays costing the state many thousands of dollars a day since all the right-of-way has to be acquired before the turnpike authority can begin construction and use the bond money which is now in its hands. It is this Court's further opinion that it was not the intention of the planners of our form of government to permit such interference with the sovereign powers of the several states, nor that those states should surrender their rights to not be sued except when they consent, and then only in such courts as the State may decide.

It is therefore ordered and adjudged that the motions to remand this cause to the Circuit Court of the Fifteenth Judicial Circuit in Broward County, Florida, filed in 6681–M–Civil and 6682–M–Civil be and the same are hereby granted.