Chief Judge Desmond.
The courts below, bound as they were by Easley v. New York State Thruway Auth. (1 N Y 2d 374), correctly held that the Supreme Court has no jurisdiction of this equity suit (or of the equity suit of Mathewson v. New York State Thruway Auth., 9 N Y 2d 788, decided herewith). Easley held that the Thruway Authority “ is an arm or agency of the State ” (p. 376) and that “ the Legislature could in creating the Thruway Authority have refused to waive immunity as to it and thus could have forbidden suits to be maintained against the Authority in any court or tribunal ” (pp. 376-377). Easley’s brief on his appeal to this court made (and we rejected) the identical arguments now made by appellant Benz. The Easley decision necessarily meant that there is no jurisdiction in any court of any suit against the Thruway Authority except as the Legislature has in terms created such jurisdiction.
There are just two statutory grants of jurisdiction to sue the Authority. One of them, section 361-b of the Public Authorities Law, discussed in Easley (supra), confers exclusive„jurisdiction upon the Court of Claims to hear and determine all claims against the Authority for alleged torts or breaches of contract. That enactment certainly does not authorize the bringing of these suits in the Supreme Court. The only other statutory grant of jurisdiction to bring actions against the Authority is in subdivision 5 of section 368 of the Public Authorities Law whereby the Legislature in order to permit one particular type of equity suit against the Thruway Authority enacted a special statute therefor.
In the Easley opinion (supra) we described at length the peculiarly close relationship between the Authority and the State itself and we concluded that for purposes of suit the Thruway Authority was part of the State Government and, accordingly, not suable without a direct waiver of immunity. The reasons for that holding were exactly the same as in Breen *490 v. Mortgage Comm. (285 N. Y. 425) and the reasons why the present suit cannot be maintained against the Authority are the same reasons explained by us in Breen. Section 8 of the Court of Claims Act did not, so we directly held in the Breen opinion, authorize a suit by Breen in the Supreme Court and this situation was not affected by the statutory direction as to the Mortgage Commission that it may “ sue and be sued”. The same authorization as to the Thruway Authority (Public Authorities Law, § 354, subd. 1) has no broader meaning.
There may have been some doubt prior to 1954 (see dictum in Strang v. State of New York, 206 Misc. 734) as to jurisdiction of such suits as these but that doubt was removed by the legislative determination in 1954, before the Authority began to operate the Thruway, that there would be no jurisdiction of suits against the Authority except in the Court of Claims as to tort and contract claims and in the Supreme Court as to certain suits by bondholders (Public Authorities Law, §§ 354, 368). There is no provision anywhere for equity suits against the Thruway Authority. It would indeed be remarkable if the Legislature which “ could have forbidden suits to be maintained against the Authority in any court or tribunal” produced a situation where suits at law could be prosecuted (per express enactment) in the Court of Claims only but (by legislative silence) equity suits would be allowed against the Thruway Authority in the Supreme Court. There is no sign that the lawmakers had any such strange intent.
This leaves plaintiff without any remedy by suit but “ the immunity of a state agency is in no way affected by the lack of any other remedy ’ ’ (Glassman v. Glassman, 309 N. Y. 436, 441; see Psaty v. Duryea, 306 N. Y. 413, 420).
The judgment should be affirmed, without costs.