Julius ZEIDNER and Esther Zeidner, Plaintiffs,

v.

Patricia Ann WULFORST, Marion R. Wulforst, Joseph J. Wulforst, and New York State Thruway Authority, a public corp., Defendants.

No. 61–C–172.

United States District Court
E. D. New York.
July 14, 1961.

**24**

Donald A. Gerson, New York City, Leon S. Wolk, Cliffside Park, N. J., of counsel, for plaintiffs.

Louis J. Lefkowitz, Atty. Gen., Joseph A. Romano, Arthur W. Mattson, Asst. Attys. Gen., of counsel, for defendant New York State Thruway Authority.

BARTELS, District Judge.

Motion by defendant New York State Thruway Authority (herein "Authority") to dismiss plaintiffs' complaint on the grounds that it fails to state a claim upon which relief can be granted (Rule 12(b) (6), Fed.Rules Civ.Proc., 28 U.S.C.A.) and that the action is actually one against the State of New York, which has not consented to be sued except in the New York Court of Claims, and that consequently the action is barred by the Eleventh Amendment to the Constitution of the United States.

Only the last two claims in the complaint are against the Authority. Each of these claims alleges that the plaintiffs, by obtaining a toll ticket, entered into a contract with the Authority and that by such contract the Authority warranted safe ingress to and egress from the Thruway. When plaintiffs' vehicle was entering the Thruway by means of the entrance-exit ramp it was struck by the Wulforst vehicle which was leaving the Thruway via the ramp. Plaintiffs assert that the collision could have been avoided had the departing car been prevented from entering the ramp without reducing its speed and if the opposing lanes of traffic on the ramp had been separated by a barrier. While unsafe construction of the ramp is alleged, the theory of the claims appears to be one of breach of warranty. The Authority, in addition to asserting immunity, alleges that no recovery may be had against it on such a theory as a matter of law.

Plaintiffs' contentions may be summarized as follows: (i) the Authority is not the State of New York and since the State is not named as a party, the Eleventh Amendment to the Constitution prohibiting suits against a State is inapplicable; (ii) the test for determining whether or not the Authority is the "alter ego" of the State is one of Federal and not State law, and under the test enunciated by the case law the Authority cannot be deemed to be the State's alter ego; and (iii) even if immunity could be granted the Authority, such immunity has not in fact been granted since it is amenable to suit in the New York Court of Claims, and once suable in the State it is suable in a Federal court on the ground of diversity of citizenship. These contentions will be hereafter discussed.

Preliminarily the Court must examine the relationship between the Authority and the State. The Authority was created by L.1950, Ch. 143, which added Title 9 (§§ 350–375) to Public Authorities Law, Article 2, and supplemented Highway Law, Article XII–A. The Authority is a "body corporate and politic constituting a public corporation" (§ 352); upon its termination "all its rights and properties shall pass to and be vested in the state" (§ 352); the Authority "shall be regarded as performing a governmental function" (§ 353) in constructing, maintaining and operating a thruway; the Superintendent of Public Works may construct, maintain and operate part or all of the Thruway if the Authority does not assume jurisdiction (§ 356); said Superintendent also furnishes engineering services in connection with contracts let by the Authority (§ 359); real property

is acquired for the Authority in the name of the State by the Superintendent of Public Works (§ 358); legal services are rendered to the Authority by the State Department of Law and annual fees for use of the Thruway are collected by the Bureau of Motor Vehicles (§ 362); the provisions of Civil Service are applicable to the Authority (§ 354 [6]) and employees from various departments of the State may be transferred to the Authority (§ 355); all of its moneys are deposited with the State Comptroller (§ 364) and the Authority must make annual reports to the Governor, Comptroller and Director of the Budget (§ 363); and "exclusive jurisdiction" for suits against the Authority is conferred upon the New York Court of Claims (§ 361–b). Finally, the State is authorized to guarantee the notes and bonds of the Authority (§ 366) and in fact has guaranteed notes and bonds in the amount of $500,000,000. The close inter-relation of the Authority and the State is apparent from the foregoing and it is clear that the Authority is not wholly independent of the State in its operations but, on the contrary, is dependent upon the State for certain services and the State is also subject to the obligation of a guarantor.

### Alter Ego

Plaintiffs are correct in asserting that the Authority is not the State in *ipsa persona;* nevertheless the Authority will be given the protection of the Eleventh Amendment if it is in fact the "alter ego" of the State. State Highway Commission of Wyoming v. Utah Construction Company, 1929, 278 U.S. 194, 49 S.Ct. 104, 73 L.Ed. 262. Moreover, in determining whether or not the Authority may be so considered Federal law is to be applied and not State law. Masse v. Pennsylvania Turnpike Commission, D.C. Pa.1958, 163 F.Supp. 510.

Plaintiffs correctly assert that the case law holds that

" * * * when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and

is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." Ford Motor Co. v. Department of Treasury of State of Indiana, 1945, 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389.

The Public Authorities Law, § 361–b provides that the Authority is responsible for the payment of any judgment entered against it, and it has been held that accordingly New York State may not be liable for any such judgment. Waterman v. State of New York, Ct.Claims, 1960, 24 Misc.2d 783, 206 N.Y.S.2d 380, 387. Under similar circumstances, claims of immunity have been denied. Harrison Construction Co. v. Ohio Turnpike Commission, 6 Cir., 1959, 272 F.2d 337; Kansas Turnpike Authority v. Abramson, 10 Cir., 1959, 275 F.2d 711; cf. State Highway Commission of Wyoming v. Utah Construction Company, supra.

The only liability of the State treasury herein arises by reason of the fact that the State has guaranteed the notes and bonds of the Authority. This is not equivalent to direct responsibility, particularly since there is no showing that the Authority is unable to meet its obligations. The Court is therefore compelled to conclude that as a matter of Federal law, the Authority is not the "alter ego" of the State and may not assert the immunity from suit granted by the Eleventh Amendment under this theory.

### Immunity Under State Law

Granting that the Authority is not the alter ego of the State, the next question presented is whether it has immunity under State law. If such immunity has been afforded it, this Court is bound thereby under the doctrine of Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, since this is a diversity action. Gerr v. Emrick, 3 Cir., 1960, 283 F.2d 293; see also Louisiana Highway Commission v. Farnsworth, 5 Cir., 1935, 74 F.2d 910; Harrison Construction Co. v. Ohio Turnpike Commission, supra.

In creating a governmental agency a State may either clothe that agency with its own immunity or waive such immunity. If the agency is so closely bound to the State that the two are in effect acting jointly to achieve a governmental purpose the State is justified in including that agency within the compass of its own immunity. See Petty v. Tennessee-Missouri Bridge Commission, 1959, 359 U.S. 275, 79 S.Ct. 785, 3 L.Ed. 2d 804; Florida State Turnpike Authority v. Van Kirk, D.C.Fla.1956, 146 F. Supp. 364. Similarly, in creating an agency the State may deprive it of any immunity, Louisiana Highway Commission v. Farnsworth, supra, or may grant it a limited immunity. See Chandler v. Dix, 1904, 194 U.S. 590, 591–592, 24 S.Ct. 766, 48 L.Ed. 1129; Great Northern Life Ins. Co. v. Read, 1944, 322 U.S. 47, 64 S. Ct. 873, 88 L.Ed. 1121. "Since the State as sovereign may assert, waive, or condition at will immunity from suit for itself and its agents * * * the Legislature could in creating the Thruway Authority have refused to waive immunity as to it and thus could have forbidden suits to be maintained against the Authority in any court or tribunal." Easley v. New York State Thruway Authority, 1956, 1 N.Y.2d 374, 376–377, 153 N.Y.S.2d 28, 29, 135 N.E.2d 572, 573. See also Markham v. City of Newport News, 4 Cir., 1961, 292 F.2d 711 at page 716, and the cases therein cited.

In the instant case, the Public Authorities Law provides that the Authority may be sued in the Court of Claims of the State of New York (§ 361–b). Whether this consent to be sued is a general or limited waiver of immunity depends upon the construction placed upon it by the State courts.

### Limited Waiver

The plaintiffs maintain that since the Authority can be sued in a State court it has lost any immunity it might otherwise claim. They assert that although suits in New York are limited to the Court of Claims such a limitation is merely procedural and a procedural limitation cannot serve to oust the diversity jurisdiction of the Federal courts. See Louisiana Highway Commission v. Farnsworth, supra, 74 F.2d at page 913.

Where immunity from suit in Federal courts is granted but immunity from suit in the State courts is completely waived, the limitation upon the waiver is ineffective. Markham v. City of Newport News, supra. But in the case at bar no such attempt to oust Federal jurisdiction may be found inasmuch as the State has placed a general limitation upon actions against the Authority binding in both State and Federal courts.

In Easley v. New York State Thruway Authority, supra, the New York Court of Appeals held that the Authority is an "arm or agency of the State", that there was valid jurisdiction over the Authority in the Court of Claims, but only in the Court of Claims, and affirmed the dismissal of a complaint filed against the Authority in the New York State Supreme Court. Recently, the Court of Appeals decided Benz v. New York State Thruway Authority, 1961, 9 N.Y.2d 486, 215 N.Y.S.2d 47, 174 N.E.2d 47, and Mathewson v. New York State Thruway Authority, 1961, 9 N.Y.2d 788, 215 N.Y. S.2d 86, 174 N.E.2d 754. In those cases the Court of Appeals not only affirmed Easley but extended it to deprive plaintiffs, New York residents, of any equitable relief against the Authority. Thus we have in this case a holding by the highest court of the State that the legislature granted limited immunity to the agency with respect to any suits except suits in the Court of Claims.

The situation in New York is totally different from that dealt with in the case of Gerr v. Emrick, supra, where any court of general jurisdiction in Dauphin County, Pa. was given jurisdiction over the Pennsylvania Turnpike Commission. Cf. Reagan v. Farmers' Loan & Trust Co., 1894, 154 U.S. 362, 14 S.Ct. 1047, 38 L.Ed. 1014. Accordingly, plaintiffs have not been deprived of any of their rights to bring an action against the Authority; on the contrary, they seek here greater

rights than are available to New York residents in such actions.

The Court finds that the Authority, while not the alter ego of the State, has nevertheless been validly clothed with partial immunity from suits. It may not be sued in any court of general jurisdiction within the State of New York; it is therefore immune from suit in this Court in spite of the diversity of citizenship of the suitors. Consequently, the complaint against the Authority must be dismissed. From this disposition it is unnecessary to pass upon the remaining points urged by the parties.

Settle order within 20 days on 2 days' notice.