**William J. McNEIL and Dorothy O. McNeil, Plaintiffs,**

v.

**UNITED STATES of America, DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, State of New York, City of Oswego, New York.**

**No. 68 Civ. 1611.**

United States District Court
S. D. New York.

June 11, 1968.

Judiciary Law § 9 (McKinney 1967), provided they sue in accordance with the Court of Claims Act (1963), N.Y. Judiciary Law § 1 et seq. That limitation, of necessity, makes the Court of Claims the only judicial body capable of taking cognizance of the claim plaintiffs press. Breen v. Mortgage Commission of State of New York, 285 N.Y. 425, 35 N.E.2d 25 (1941); Judiciary Law § 8. This limited waiver of immunity from suit except by lawful process in the Court of Claims of New York deprives the federal district court, by force of the Eleventh Amendment, of jurisdiction. Zeidner v. Wulforst, 197 F.Supp. 23 (E.D.N.Y.1961). The action, insofar as directed against the State of New York, is dismissed.

Louis J. Lefkowitz, Atty. Gen., of New York, by Michael Jaffe, Asst. Atty. Gen., New York City, for defendants.

## MEMORANDUM

MOTLEY, District Judge.

Plaintiffs, proceeding pro se, filed this complaint for damages of $10,000,000, claiming that their real and personal property located at 73–75–77 East First Street, Oswego, New York was "illegally appropriated" and that their "ejectment" occurred on February 1, 1965, from said premises. The State of New York, having been made a party to this action, promptly moved to dismiss the complaint against them on the grounds that such a suit was precluded by the Eleventh Amendment to the Constitution of the United States, which prohibits suits against the state by its citizens, and that the complaint failed to state a claim for which relief can be granted.

 The State of New York has waived its immunity from liability, N.Y. Judiciary Law § 8 (McKinney 1967), and its citizens may sue it for claims arising out of the appropriation of real or personal property, N.Y.