William A. PRENDERGAST, Plaintiff,

v.

**LONG ISLAND STATE PARK COMMISSION and Jones Beach State Parkway Authority, Defendants.**

No. 70–C–857.

United States District Court,
E. D. New York.
Dec. 2, 1970.

Edward F. Cummerford, Mineola, for plaintiff.

Louis J. Lefkowitz, Atty. Gen. of New York for defendant Long Island State Park Commission, by A. Seth Greenwald, Asst. Atty. Gen., of counsel.

JUDD, District Judge.

## MEMORANDUM AND ORDER

The New York Attorney General has moved to dismiss an action in admiralty based on a collision between the plaintiff's yacht and the Meadowbrook Parkway Bridge, asserting that the Eleventh Amendment to the United States Constitution deprives this court of jurisdiction.

■■ Jurisdiction to consider this matter derives from Article III, Section 2 of the United States Constitution and 28 U.S.C. § 1333, which provide for admiralty jurisdiction over maritime torts. The critical factor in determining whether admiralty jurisdiction exists is the situs of the tort; if the tort occurred in navigable waters, nothing more is required. Weinstein v. Eastern Airlines, Inc., 316 F.2d 758 (3d Cir. 1963); David Crystal, Inc. v. Cunard Steam-Ship Co., 223 F.Supp. 273 (S.D. N.Y.1963). An obstruction in a navigable waterway causing damage to a vessel proceeding on that waterway will be sufficient to provide the federal courts with admiralty jurisdiction. Philadelphia, Wilmington and Baltimore R.R. v. Philadelphia and Havre de Grace Steam Towboat Co., 64 U.S. 209, 16 L.Ed. 433 (1859); Sound Marine & Machine Corporation v. Westchester County, 100 F. 2d 360 (2d Cir. 1938). Thus, unless barred by the Eleventh Amendment defense interposed by the defendant, this court has jurisdiction to decide the claim.

■■ It is well settled that by virtue of the Eleventh Amendment the states are immune from suit in the federal courts by their own citizens and citizens of other states unless their immunity has been specifically waived. Hans

v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1889); see Parden v. Terminal Ry., 377 U.S. 184, 186, 84 S.Ct. 1207, 1209–1210, 12 L.Ed.2d 233 (1964). This Eleventh Amendment prohibition extends to maritime torts as well. Ex parte State of New York, 256 U.S. 490, 41 S.Ct. 588, 65 L.Ed. 1057 (1921). The immunity applies not only to the state itself but also to state agencies which are in effect an arm or alter ego of the state. State Highway Commission v. Utah Construction Co., 278 U.S. 194, 49 S.Ct. 104, 73 L.Ed. 262 (1928). In that case the Highway Commission was merely an agent of the state, dependent on the state treasury for funds.

■■ The increase in governmental or quasi-governmental agencies within our various state systems, and the variety of attributes and organizations, make the decision whether the Eleventh Amendment applies to each agency a difficult one. In each instance, the court must examine the essential nature and effect of the proceedings to determine whether the state is the real party in interest. Smith v. Reeves, 178 U.S. 436, 20 S.Ct. 919, 44 L.Ed. 1140 (1900). In Ford Motor Co. v. Department of Treasury, 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945), the court said that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit." No single factor is dispositive in determining whether state immunity attaches to the various agencies. Pennsylvania Turnpike Comm. v. Welsh, 188 F.2d 447 (3d Cir. 1951), and "[T]heir designation in the enabling acts as 'arms' or 'instruments' of the State performing 'essential governmental functions' does not *per se* make them tantamount to the State within the Eleventh Amendment." Groves & Sons Co. v. New Jersey Turnpike Authority, 268 F.Supp. 568, 579 (D.N.J.1967). For purposes of deciding whether the Authority will be considered the alter ego of the state, federal and

not state law is to be applied. Zeidner v. Wulforst, 197 F.Supp. 23 (E.D.N.Y. 1961).

■ The Meadowbrook Parkway Bridge is owned and operated by the defendant Jones Beach State Parkway Authority and not the defendant Long Island Park Commission, so under no theory of liability may the Park Commission be liable. The Parkway Authority was created in 1933 as a "public benefit corporation," composed of the Commissioners of the Long Island State Park Commission, or if the Commission ceases to exist, three members appointed by the Governor. L.1933, c. 870, later codified as part of the New York Public Authorities Law, McKinney's Consol. Laws, c. 43–A, § 152. The Authority is given power to sue and be sued (Pub.Auth.L. § 153); to hold and dispose of personal property for its corporate purposes (Pub.Auth.L. § 153); to issue negotiable bonds and to provide for the rights of bondholders thereof (Pub.Auth.L. § 153); to construct and operate various bridges, roads and incidental structures (Pub.Auth.L. §§ 153, 153–a, 153–b); and to charge tolls for the use of its facilities (Pub.Auth.L. §§ 153, 153–b).

The state is not liable on any bonds or other obligations of the Authority (Pub.Auth.L. § 159), and any judgments rendered against the Authority in the New York Court of Claims are to be paid out of moneys of the Authority. Pub.Auth.L. § 163–a. All moneys received by the Authority are paid to the Comptroller as agent of the Authority, who deposits them in separate bank accounts; the moneys are paid out on check of the Comptroller upon request of a person authorized by the Authority. Pub.Auth.L. § 156. Thus, the statutory scheme indicates that the Authority is financially independent and that the state is not liable for claims asserted against the Authority.

■ The foregoing indicates that the Authority is not entitled to immunity under the Eleventh Amendment. Harrison Construction Co. v. Ohio Turnpike Comm., 272 F.2d 337 (6th Cir. 1959); Kansas Turnpike Authority v. Abramson, 275 F.2d 711 (10th Cir. 1960); Groves & Sons Co. v. New Jersey Turnpike Authority, supra; Zeidner v. Wulforst, supra; cf. Fowler v. California Toll-Bridge Authority, 128 F.2d 549 (9th Cir. 1942).

■ New York has provided that the New York Court of Claims is to have exclusive jurisdiction over all claims against the Authority. Pub.Auth.L. § 163–a. Where the defendant is not immune from all suits, however, federal jurisdiction is not ousted by a state statute limiting suits to a particular state court. Markham v. City of Newport News, 292 F.2d 711, 716 (4th Cir. 1961); Beach v. Rome Trust Co., 269 F. 2d 367, 372–373 (2d Cir. 1959); see Griffith v. Bank of New York, 147 F.2d 899, 904 (2d Cir. 1945). There is some authority that the state may limit jurisdiction to a particular court in diversity cases. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Zeidner v. Wulforst, supra, 197 F.Supp. at 25. In an admiralty action, however, where federal courts exercise the historic maritime jurisdiction (U.S. Const. Art. III § 2), a suitor may not be remanded to a state court by authority of a state statute.

The Attorney General's motion is treated as having been made on behalf of both defendants.

Therefore, it is ordered that the complaint be dismissed as against the Long Island State Park Commission and that the motion to dismiss the action against the Jones Beach State Parkway Authority be denied.