**Application of Robert MATHERSON and the Oak Beach Inn Corp., Plaintiffs-Appellants,**

**v.**

**The LONG ISLAND STATE PARK COMMISSION and the Jones Beach Parkway Authority, Defendants-Appellees.**

**No. 358, Docket 35182.**

United States Court of Appeals, Second Circuit.

Argued Jan. 6, 1971.

Decided May 5, 1971.

Arthur J. Powers, Bay Shore, N. Y. (Keenan & Powers, Bay Shore, N. Y., on the brief), for plaintiffs-appellants.

Robert S. Hammer, Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen., New York City, Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for defendants-appellees.

Before LUMBARD, Chief Judge, and MOORE and SMITH, Circuit Judges.

MOORE, Circuit Judge:

This is an appeal from a judgment entered in the United States District Court for the Eastern District of New York on May 15, 1970, dismissing the complaint and the amended complaint which sought to enjoin the named state agencies from allegedly violating appellants' constitutional rights to equal protection of the laws and due process under the Fourteenth Amendment through alleged police and other official interference with appellants' business by harassment and intimidation of its patrons. Jurisdiction is founded on 28 U.S.C. § 1331(a).

Appellant Matherson is President of appellant The Oak Beach Inn Corp. and is the proprietor of The Oak Beach Inn (Inn), an apparently successful, perhaps too successful, young adult night spot located at Oak Beach in the town of Babylon, Suffolk County, New York. Appellee Long Island State Park Commission (Commission) is a commission within the Division of Parks of the New York State Conservation Department, N.Y. Conserv.Law §§ 770–781 (McKinney 1967). Appellee Jones Beach State Parkway Authority (Authority) is a public benefit corporation whose members are the Commissioners of the Commission. N.Y.Pub.Auth.Law §§ 150–165 (McKinney 1970).

## FACTS

In reviewing this case on appellees' motion to dismiss, we incorporate Mr. Matherson's verified "Petition" into the complaint and amended complaint, Studebaker Corp. v. Gittlin, 360 F.2d 693, 694 (2d Cir. 1966), and assume the following recitation of facts contained therein to be true. On April 4, 1970, appellant Matherson was advised by Sidney M. Shapiro, Chief Engineer and General Manager of both the Commission and the Authority, that the parking lot adjacent to the premises of the Inn had too many cars in it and that the Inn had too many people in it. Shapiro stated that as a preventive measure for the future, the Long Island State Parkway Police, pursuant to their authority under N.Y.Conserv.Law § 774 (McKinney 1967), would see to it that only a "reasonable number" of cars would be permitted to park adjacent to the Inn. Beginning on the evening of April 4, the Parkway Police and other Commission personnel undertook the following pattern of action: (1) the police used between five and seven police cars with red lights flashing to bar the exit from the Jones Beach Parkway which leads ultimately to the Inn and adjacent parking lot, and thereby effectively cut off virtually all surface vehicular access to the Inn via the Parkway; (2) Commission personnel at the toll booths on each of the parkways feeding into the Jones Beach Parkway en route to the Inn told potential patrons that the Inn was "closed" and that no purpose would be served by continuing on, as they would be unable to gain admittance to the Inn. Notwithstanding this official "advice," several patrons went on to the Inn where (3) they were confronted at the parking lot adjacent to the Inn by Parkway Police, whose cars with red lights flashing blocked the entrance to the lot. The police advised them that the lot was "temporarily full" (when in fact it was only half full) and that if the patrons did not "move on" they would be ticketed.

On April 23, 1970, Matherson advised his attorneys that the above-recited pattern of official harassment of patrons would be reinstituted on the following evening, a Friday. His counsel prepared and filed in the district court for the Eastern District an order to show cause seeking, *inter alia,* a temporary restraining order enjoining appellees generally from interfering with the lawful opera-

tion of appellants' business and specifically from harassing the Inn's patrons in the above-described manner. The restraining order was issued the afternoon of April 24; a hearing on the order to show cause was scheduled to be heard the morning of April 30. On April 29, appellants' counsel was served with a notice of motion dated April 27, under Fed.R.Civ.P. 12(b)(1),(2) and (6) moving to dismiss the complaint on jurisdictional grounds and for failure to state a claim for which relief may be granted. The district court "waived" the notice requirement of Fed.R.Civ.P. 6(d) and entertained arguments on the motion to dismiss rather than proceeding to a hearing on the merits. On April 30, after argument on the motion to dismiss, appellants filed an amended complaint. By an order dated May 15, 1970, the complaint and amended complaint were dismissed and the restraining order vacated on the grounds that the complaints together did not state sufficiently particularized facts to entitle appellants to relief under Fed.R.Civ. P. 8(a) and that appellees are immune from federal court suit under the doctrine of "sovereign immunity."

### IMMUNITY FROM SUIT

██ Appellees strenuously argue that the doctrine of "sovereign immunity" under the Eleventh Amendment bars this suit. We disagree. With respect to the Authority, we find the doctrine of "sovereign immunity" inapplicable because as a matter of federal law this New York public benefit corporation is not an "alter ego" of the State. See Zeidner v. Wulforst, 197 F.Supp. 23, 25 (E.D.N.Y.1961), where the court similarly found the New York Thruway Authority, whose statutory bases are remarkably similar to those of the Authority, not to be an "alter ego" of the State and therefore amenable to suit *per se*. See also S. J. Groves & Sons v. New Jersey Tpke. Auth., 268 F.Supp. 568, 578 (D.N.J.1967).

With respect to the Commission, as such, the doctrine might be applicable, but the entire complaint should not have been dismissed on the merits for this reason. See Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1890); H. M. Hart & H. Wechsler, The Federal Courts and the Federal System, 814, 816–817 (1953).

██ We find that appellants, in squarely grounding their claim on the Fourteenth Amendment, have stated a nonfrivolous claim "arising under" the Constitution over which the district court might have had jurisdiction under 28 U.S.C. § 1331(a). Bell v. Hood, 327 U.S. 678, 681–684, 66 S.Ct. 773, 90 L.Ed. 939 (1946); Louis K. Liggett Co. v. Baldridge, 278 U.S. 105, 111, 49 S.Ct. 57, 73 L.Ed. 204 (1928); compare Lang v. Colonial Pipeline Co., 266 F.Supp. 552, 555 (E.D.Pa.1967). It may be that appellants can prove such harassment and interference as to amount to a deprivation of property without due process. Cf. Jimmie's Inc. v. City of West Haven, 436 F.2d 1339 (2d Cir. 1971). On the other hand we are constrained to notice *sua sponte* that with respect to injunctive relief sought no dollar value of the property right to be protected or extent of the injury to be prevented has been assigned, and that the money damages sought are in the amount of exactly $10,000. We must therefore dismiss this action for failure to allege a statutorily required amount in controversy exceeding $10,000. Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884).

Accordingly, we reverse as to the Authority on the ground that it is not immune from suit and remand to the district court with instructions that the dismissal of the complaint be without prejudice to appellants' privilege to replead provided there be allegations of the necessary jurisdictional amount in controversy and the specification of facts concerning allegedly unconstitutional acts of official harassment.