SUMMARY ORDER
Shipper Olabisi Salis (“Salis”) appeals from the May 12, 2008 judgment of the district court that: (i) granted summary judgment to Hoegh Autoliners, Inc. (“Hoegh”), an ocean carrier, based on the forum selection clause in the bill of lading; (ii) granted partial summary judgment to American Export Lines (“AEL”), a freight forwarder, to enforce AEL’s disclaimer against Salis limiting AEL’s potential liability; and (iii) determined that no original jurisdiction existed and declined to exercise supplemental jurisdiction over Salis’s claims against AEL, in this action to recover damages arising from the alleged failure to deliver one camper shipped from the Port of New York to Lagos, Nigeria. See Salis v. Am. Export Lines, 566 *813 F.Supp.2d 216 (S.D.N.Y.2008). We assume the parties’ familiarity with the facts and proceedings in the district court.
“On an appeal of a district court’s dismissal based on a forum selection clause, we review factual findings for clear error and legal conclusions de novo.” Asoma Corp. v. SK Shipping Co., 467 F.3d 817, 822 (2d Cir.2006). “On appeal from a dismissal for lack of subject matter jurisdiction, we review the district court’s legal conclusions de novo and its factual findings for clear error.” Correspondent Servs. Corp. v. First Equities Corp. of Fla., 442 F.3d 767, 769 (2d Cir.2006) (per curiam) (citation omitted). We review a district court’s decision to decline supplemental jurisdiction over pendent state law claims for abuse of discretion. See, e.g., Purgess v. Sharrock, 33 F.3d 134, 138 (2d Cir.1994).
In determining whether to dismiss a claim based on a forum selection clause, a district court considers whether: (1) the clause was reasonably communicated to the party resisting enforcement; (2) the clause is mandatory or permissive; and (3) the claims and parties involved are subject to the clause. Phillips v. Audio Active Ltd., 494 F.3d 378, 383 (2d Cir.2007). Whether a forum selection clause is mandatory depends on its language, and generally courts will not enforce a clause that specifies only jurisdiction in a designated court without any language indicating that the specified jurisdiction is exclusive. John Boutayi & Son, Wines & Spirits, S.A. v. Attiki Imps. & Distribs. Inc., 22 F.3d 51, 52-53 (2d Cir.1994). The language of the forum selection clause determines its scope. See Roby v. Corp. of Lloyd’s, 996 F.2d 1353, 1361 (2d Cir.1993). If the forum selection clause was communicated to the resisting party, is mandatory and applies to the claims and parties involved, it is presumptively enforceable. Phillips, 494 F.3d at 383.
A resisting party can rebut the presumption of enforceability by clearly showing “that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.” The Bremen v. Zapata OffShore Co., 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). Forum selection clauses are unreasonable only:
(1) if their incorporation into the agreement was the result of fraud or overreaching; (2) if the complaining party will for all practical purposes be deprived of his day in court, due to the grave inconvenience or unfairness of the selected forum; (3) if the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) if the clauses contravene a strong public policy of the forum state.
Roby, 996 F.2d at 1363 (citations and internal quotation marks omitted).
The parties do not dispute that the bill of lading is subject to the Carriage of Goods by Sea Act (COGSA), 46 U.S.C. § 30701 notes. COGSA does not prevent “the parties from agreeing to enforce [COGSA] obligations in a particular forum.” Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer, 515 U.S. 528, 535, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995). The district court correctly found that prior to shipping, the plaintiff received the dock receipt indicating that the goods shipped were subject to the dock receipt and to the bill of lading issued by Hoegh. Salis had engaged in repeated transactions with the defendants and he was aware of the terms and conditions contained in Hoegh’s standardized bills of lading. Salis, 566 F.Supp.2d at 222. Because the bill of lading containing the forum selection clause was the binding agreement between Hoegh and the plaintiff, and the dock receipt informed Salis that the “dock receipt and bill of lading ... constitute the eon- *814 tract under which the goods are received,” the forum selection clause was reasonably communicated to the plaintiff. The bill of lading’s forum selection clause reads as follows:
Any claim or dispute arising under or in connection with this Bill of Lading (whether in contract, tort or otherwise) shail be referred to and decided by Oslo City Court, Norway, and, if any appeals are taken, by the appellate courts of Norway and shall be governed by Norwegian law, except as provided elsewhere in this Bill of Lading.
Here,'the forum selection clause is mandatory because it provides for exclusive jurisdiction over any dispute arising in connection with the bill of lading in Oslo City Court, Norway, and the parties arid claims involved in this case are encompassed by the clause; thus the clause is presumptively enforceable. Salis failed to show that enforcing the forum selection clause would be unreasonable and unjust or that the clause was invalid by reason of fraud or overreaching. See The Bremen, 407 U.S. at 15, 92 S.Ct. 1907. The forum selection clause, therefore, is enforceable and a valid basis for dismissal of the claims against Hoegh.
Because COGSA does not apply to a freight forwarder such as AEL, see Prima U.S. Inc. v. Panalpina, Inc., 223 F.3d 126, 129-30 (2d Cir.2000), once the claims against Hoegh are dismissed, the only remaining claims against AEL arise under state law. Salis, however, failed to meet the amount in controversy required for diversity jurisdiction over these claims. The district court reached this conclusion by holding that, under the terms of AEL’s contract with Salis and in the absence of any evidence that AEL was grossly negligent, AEL’s potential liability was limited to an amount far less than $75,000. See Salis, 566 F. Supp 2d. at 225-26, 228. The district court’s reliance on an affirmative defense to determine that the amount in controversy was insufficient to support diversity jurisdiction was improper. See Zacharia v. Harbor Island Spa, Inc., 684 F.2d 199, 202 (2d Cir.1982).
Nonetheless, because Salis has never alleged an amount in controversy sufficient to suioport diversity jurisdiction over his claims, we agree that the district court did not have original jurisdiction over Salis’s claims against AEL. In state court, where Salis commenced this litigation, he sought $25,000 in damages. After AEL removed the case to the district court, Salis sought in his amended federal complaint damages “in the sum of $75,000.” On the basis of the complaint alone, Salis fails to plead an adequate amount in controversy. See 28 U.S.C. § 1332(a) (“The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs .... ” (emphasis added)); see also Matherson v. Long Island State Park Comm’n, 442 F.2d 566, 568 (2d Cir.1971). For this reason, the district court only had supplemental jurisdiction over Salis’s claims against AEL, which the court declined to exercise. Following dismissal of the claims against Hoegh, we affirm the district court’s decision to decline to exercise jurisdiction over the claims against AEL and to dismiss these claims without prejudice.
Given that the district court had no original jurisdiction over Salis’s claims against AEL and declined to exercise supplemental jurisdiction over them, the district court was without jurisdiction to determine the validity of AEL’s limited liability under the disclaimer. However, because the district court did grant partial summary judgment in favor of AEL on that issue, we vacate that grant of summary judgment. Thus we leave the issue to be decided by *815 the state court if Salis decides to pursue the claims in that forum.
While Salis argues that AEL and Hoegh failed to respond to his discovery requests, he forfeited this issue by failing to file a Fed.R.Civ.P. 56(f) affidavit in the district court. See Gurary v. Winehouse, 190 F.3d 37, 43-44 (2d Cir.1999); Paddington Partners v. Bouchard, 34 F.3d 1132, 1137 (2d Cir.1994).
Upon review, we find Salis’s remaining arguments without merit. The judgment of the district court is VACATED in part and AFFIRMED in part.