13-1157-cv
Leskinen v. Halsey

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand fourteen.

PRESENT:  DENNIS JACOBS,
          CHESTER J. STRAUB,
          REENA RAGGI,
                    *Circuit Judges*.

-------------------------------------------------------------------------

LAURA LESKINEN,
                    *Plaintiff-Appellant*,

v.                                                      No. 13-1157-cv

CAROLYN A. HALSEY, BARBARA ALLAN, ROBERT WHITMAN, SR., MARKETPLACE REALTY, MIKE CARROLL, ROBERT KELLY, JR., KELLY & HULME, P.C., JOE NEMETH, PINKS, ALBEIT & NEMETH, KEN WARNER, DOUGLAS WHITMAN, ROBERT WHITMAN, JR., JENNIFER McHENRY, LANDSTAR TITLE COMPANY, INC.,
                    *Defendants-Appellees,*

MURIEL MURPHY,
                    *Defendant.*[*]

-------------------------------------------------------------------------

FOR APPELLANT:               Laura Leskinen, *pro se*, Folsom, California.

_____

[*] The Clerk of Court is directed to amend the official caption as shown above.

1

FOR APPELLEES:                          Anthony Proscia, Lewis Brisbois Bisgaard & Smith LLP, New York, New York, *for Defendants-Appellees Marketplace Realty, Mike Carroll, Joe Nemeth, Pinks, Arbeit & Nemeth, Ken Warner, and Landstar Title Company, Inc.*

                                        Matthew R. Jaeger, L'Abbate, Balkan, Colavita & Contini, L.L.P., Garden City, New York, *for Defendants-Appellees Robert Kelly, Jr. and Kelly & Hulme, P.C.*

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joseph F. Bianco, *District Judge*; E. Thomas Boyle, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 6, 2013, is AFFIRMED.

Pro se plaintiff Laura Leskinen invoked the federal racketeering statute as well as state law to sue various relatives and other participants in the sale of real property once owned by her late grandmother. She now appeals from the dismissal of her suit for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). In such circumstances, we review the district court's factual findings for clear error and its legal conclusions de novo. See Maloney v. Soc. Sec. Admin., 517 F.3d 70, 74 (2d Cir. 2008). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Jurisdiction

Despite the obvious federal nature of Leskinen's racketeering claim, see 28 U.S.C. § 1331, the district court held that the probate exception to federal jurisdiction precluded its adjudication of Leskinen's claims because they "directly target the administration of her

2

grandmother's estate, including the allegedly improper disposition of real property." Leskinen v. Halsey, No. 12-cv-00623 (JFB) (ETB), 2013 WL 801128, at *5 (E.D.N.Y. Mar. 5, 2013) (adopting magistrate judge's report and recommendation). This court, however, has narrowly construed the probate exception to apply "only if a plaintiff seeks" either "to (1) administer an estate, probate a will, or do any other purely probate matter," or "(2) to reach a res in the custody of a state court." Lefkowitz v. Bank of N.Y., 528 F.3d 102, 106 (2d Cir. 2007) (emphasis added) (internal quotation marks, citation, emphasis, and brackets omitted). Nothing in the record demonstrates that Leskinen seeks to reach a res in the custody of a state court. Insofar as she sues for racketeering, common law fraud, willful negligence, and negligent misrepresentation, the relief sought may be at odds with concluded state probate proceedings, but the claims do not themselves ask the district court to administer an estate, probate a will, or perform another purely probate matter. See generally Marshall v. Marshall, 547 U.S. 293, 312 (2006) (stating that "widely recognized tort" claim seeking in personam judgment for interference in inheritance was not purely probate). In such circumstances, we cannot conclude that federal jurisdiction is lacking. See Lefkowitz v. Bank of N.Y., 528 F.3d at 107–08 (holding that claims for disgorgement of funds under control of state probate court were barred by probate exception but those seeking in personam judgments for various torts were not, despite being "intertwine[d] with claims proceeding in state [probate] court").

2.    Alternative Grounds for Dismissal

We nevertheless identify other grounds supporting dismissal. See Sudler v. City of N.Y., 689 F.3d 159, 178 (2d Cir. 2012) (holding that we may affirm on any ground with

3

record support).

First, Leskinen fails to state a plausible claim of a racketeering enterprise insofar as she charges her siblings with participating in an association-in-fact whose course of fraudulent conduct would result in depriving the siblings themselves, as well as Leskinen, of their interests in their grandmother's property. Similarly implausible is Leskinen's assertion that her aunts are members of the racketeering enterprise given that they would have received the same proceeds from the sale of the property at issue in any event. As for Leskinen's allegations that the enterprise included the couple who purchased the grandmother's home, the real estate brokers and attorneys involved in the transaction, and the title agency and its lawyer, these assertions are entirely conclusory and bereft of any factual support. In sum, because we cannot identify an arguable basis in law or fact for Leskinen's allegations of a criminal enterprise, we dismiss her RICO claims. See Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000) (authorizing sua sponte dismissal of frivolous fee-paid claims); Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999) (dismissing for both frivolousness and failure to state a claim complaint alleging RICO conspiracy that contained only "conclusory, vague, and general allegations of a criminal conspiracy," which could not "suffice to establish that the defendants participated in a 'pattern of racketeering activity' as prohibited by RICO").

In the absence of any plausible federal claim, Leskinen alleges that diversity jurisdiction supports her state claims. See 28 U.S.C. § 1332. Because this case involves citizens of different states, we consider whether Leskinen's claims satisfy the $75,000 amount in controversy requirement for diversity jurisdiction, see id. § 1332(a), a

4

determination that depends on "the amount in controversy as of the date of the complaint," Scherer v. Equitable Life Assurance Soc'y of U.S., 347 F.3d 394, 397 (2d Cir. 2003). Public records attached to the complaint list the sale price for the disputed property as $515,000.[1] Leskinen claims that she was defrauded of her rightful inheritance to 6.25% of that property's value, bringing the amount in controversy to approximately $32,187.50, far below the requisite $75,000.[2] See Matherson v. Long Island State Park Comm'n, 442 F.2d 566, 568 (2d Cir. 1971) (dismissing appeal sua sponte for failure to allege statutorily required amount in controversy).[3]

Accordingly, because we conclude that Leskinen's federal claims lack a basis in law or fact and because we lack diversity jurisdiction over her state claims, we affirm the district court's dismissal of Leskinen's complaint, without prejudice to pursuit of her state claims in an appropriate forum.

---

[1] We may consider such an attached document when reviewing an appeal from a dismissal for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1). See Building Indus. Elec. Contractors Ass'n v. City of N.Y., 678 F.3d 184, 187 (2d Cir. 2012).

[2] Even if we were to credit Leskinen's allegation that the value of the disputed property was $833,000 based on its assessed value for taxation purposes, the resulting amount in controversy of $52,062.50 still falls short of the requisite $75,000.

[3] Leskinen also seeks punitive damages, but "in computing jurisdictional amount, a claim for punitive damages is to be given closer scrutiny," and we are "not compelled to accept a claim of punitive damages, however unwarranted, made for the purpose of conferring federal jurisdiction." Zahn v. Int'l Paper Co., 469 F.2d 1033, 1034 n.1 (2d Cir. 1972). Leskinen's claims fail such close scrutiny.

3.      Conclusion

We have considered Leskinen's remaining arguments, including her claims of judicial bias or misconduct and improper transfer, and conclude that, whether preserved or not, all are without merit.   Therefore, we AFFIRM the judgment of dismissal.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court